**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**SAN ANGELO DIVISION**

| | |
|---|---|
| SUSAN GREGONIS,<br>Plaintiff,<br>v.<br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC, AND SYNCHRONY BANK,<br>Defendants. | Case No. |

# COMPLAINT

NOW COMES Plaintiff, Susan Gregonis ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), TRANS UNION, LLC, ("TRANS UNION"), EXPERIAN INFORMATION SERVICES, LLC ("EXPERIAN"), AND SYNCHRONY BANK ("SYNCHRONY"), (collectively referred to as "Defendants"):

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## Parties

2. Plaintiff is a natural person at all times relevant residing in Tom Green County, in the City of San Angelo, in the State of Texas.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant, SYNCHRONY, is a national bank doing business in the State of Texas and headquartered in Draper, Utah.

5. Defendant SYNCHRONY is a "person" as defined by 47 U.S.C. §153 (39).

6. Defendant SYNCHRONY is a "creditor" as defined by 15 U.S.C. § 1692a(4) and sought to collect a consumer debt from Plaintiff.

7. Defendant TRANS UNION is a corporation conducting business in the State of Texas and is headquartered in Chicago, Illinois.

8. Defendant TRANS UNION is a "person" as that term is defined by a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(b).

9. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

10. Defendant TRANS UNION is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

11. Defendant EXPERIAN is a corporation conducting business in the State of Texas and is headquartered in Costa Mesa, California.

12. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

13. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

14. Defendant EXPERIAN is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

15. Defendant EQUIFAX is a corporation conducting business in the State of Texas and is headquartered in Atlanta, Georgia.

16. Defendant EQUIFAX is a "person" as that term is defined by a consumer reporting agency as that term is defined by 15 U.S.C. § 1681a(b).

17. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties, as defined in 15 U.S.C. §1681(d).

18. Defendant EQUIFAX is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

19. At all times relevant to this Complaint, Defendants acted through its

agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**Jurisdiction and Venue**

20. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

21. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

22. Plaintiff is a consumer who is the victim of inaccurate reporting by SYNCHRONY, TRANS UNION, EXPERIAN, and EQUIFAX regarding an account Plaintiff had with SYNCHRONY beginning with account numbers 6501.

23. After becoming delinquent on the Account, Plaintiff and SYNCHRONY agreed to settle the outstanding balance owed on the Account.

24. Plaintiff satisfied the terms of the settlement agreement by making all of the payments called for under the terms of the agreement, thereby fulfilling all obligations owed on the Account.

25. The Account should be reported with a zero-balance owed and a Metro 2 status code of Code 64.

26. However, when Plaintiff received a copy of her credit report on or around March 20, 2026, Plaintiff found TRANS UNION, EXPERIAN, and EQUIFAX reporting the Account with a balance owed and an inaccurate state of the Account.

27. Further, TRANS UNION, EXPERIAN, and EQUIFAX failed to report the payments Plaintiff made under the terms of the agreement.

28. TRANS UNION, EXPERIAN, and EQUIFAX's failure to report the Account correctly harmed Plaintiff's credit score which would, at least, mislead any third-party reviewing Plaintiff's credit history.

29. Plaintiff issued a dispute by mail to TRANS UNION on or around April 22, 2026; one to EXPERIAN on or around April 20, 2026; and one to EQUIFAX on or around April 21, 2026 regarding the inaccurate information being reported on the Account and included proof of the agreement between Plaintiff and SYNCHRONY, as well as proof of the payments made to satisfy the agreement.

30. These disputes were delivered on or around April 27, 2026, for TRANS UNION; on or around April 24, 2026, for EQUIFAX; and on or around April 23, 2026, for EXPERIAN.

31. In their dispute letters, Plaintiff disputed the inaccurate entries in their credit report that the Account was in a "Charged Off" status and that any balance was owed on the Account.

32. Further, Plaintiff included proof of the settlements and payments made to SYNCHRONY with their dispute letters.

33. However, despite having received the letter and accompanying proof of payment, TRANS UNION, EQUIFAX, and EXPERIAN continued to report the Account as having a current status of "Charge Off" and a balance owed.

34. TRANS UNION, EQUIFAX, and EXPERIAN's continued reporting of inaccuracies regarding the Account could only be the result of its failure to conduct a reasonable investigation and failure to employ reasonable policies and procedures sufficient to prevent inaccurate information from being reported.

35. This status is inaccurate and, at the least, misleading and it has caused Plaintiff significant mental distress and anxiety about how their character is being portrayed in their credit report.

36. Further, because of their fear of being rejected by other creditors, Plaintiff has been unable to apply for new credit.

37. CRAs, including TRANS UNION, EQUIFAX, and EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

38. Further, both CRAs and Furnishers have a duty to conduct a reasonable investigation when notified of disputed information found in a consumer credit report.

39. Additionally, upon information and belief, SYNCHRONY failed to conduct a reasonable reinvestigation into the information it furnished to the CRA Defendants.

40. If SYNCHRONY had complied with its duties to reinvestigate the account when it received notice of the dispute, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

41. As a result of this conduct, action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit along with mental and emotional distress.

## COUNT I– SYNCHRONY FUNDING, LLC.
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681s-2(b)

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-41.

43. After receiving Plaintiff's dispute regarding the account, SYNCHRONY failed to reasonably reinvestigate its reporting of the information regarding the account on Plaintiff's consumer report.

44. SYNCHRONY violated 15 U.S.C. §1681s-2(b) by failing to conduct a reasonable investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to all three CRAs, and by failing to

permanently and lawfully correct its own internal records to prevent the re-reporting of SYNCHRONY's representations to the CRAs.

45. As a result of this conduct, action, and inaction of SYNCHRONY, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. SYNCHRONY's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

47. In the alternative, SYNCHRONY was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from SYNCHRONY, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

**COUNT II – TRANS UNION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e(b)**

49. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-48.

50. After receiving Plaintiff's dispute regarding the account, TRANS UNION failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

51. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

52. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

54. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT III – TRANS UNION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681i**

56. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-55.

57. After receiving Plaintiff's dispute for the account, TRANS UNION failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

58. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

59. As a result of this conduct, action and inaction of TRANS UNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT IV – EQUIFAX**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e(b)**

63. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-62.

64. After receiving Plaintiff's dispute regarding the account, EQUIFAX failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

65. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

66. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – EQUIFAX
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681i

70. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-69.

71. After receiving Plaintiff's dispute for the account, EQUIFAX failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

72. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

73. As a result of this conduct, action and inaction of EQUIFAX, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

74. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

75. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

76. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – EXPERIAN
## Violation of the Fair Credit Reporting Act
## 15 U.S.C. § 1681e(b)

77. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-76.

78. After receiving Plaintiff's dispute regarding the account, EXPERIAN failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

79. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

80. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

81. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

82. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

83. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VII – EXPERIAN**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681i**

84. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-83.

85. After receiving Plaintiff's dispute for the account, EXPERIAN failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

86. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

87. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss,

damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

88. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

89. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

90. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against all CRA Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant SYNCHRONY for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation of the FCRA;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) Punitive damages and equitable relief including, but not limited to, enjoining Defendants from further violations of 15 U.S.C. § 1681 *et seq.*;

d) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. 1692k. and;

e) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: June 12, 2026

By: <u>*/s/ Jeffrey Lohman*</u>

Jeffrey Lohman, Bar No 032315
The Law Offices of Jeffrey Lohman, PLLC
2325 Camelback Road, Suite 400
Phoenix, AZ 85016
T: (714) 381-5747
F: (877) 536-0159

Attorney for Plaintiff,
SUSAN GREGONIS